THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK WRIGHT, Appellant.—

On October 20, 1983, the defendant with two accomplices drove in a stolen car to a video store. One man stayed outside while defendant and the other entered the store carrying plastic bags and a loaded gun. The defendant later ran out to position the car in front of the store for a getaway. While the defendant was outside, one of his accomplices shot and killed

a store employee. The two accomplices then ran to the car and joined the defendant who drove them away.

At the trial, the defendant's girlfriend testified for the People and was cross-examined regarding letters she had written to the defendant. The defendant contends that the trial court abused its discretion in refusing to admit these letters into evidence for impeachment purposes. The defendant argues that the letters contained statements inconsistent with his girlfriend's testimony and revealed her bias and hostility toward the defendant. After reviewing these letters, we find that although they do not contain inconsistent statements, they raise questions as to the witness's credibility and motive. However, the error, if any, in the trial court's ruling was harmless in view of the fact that the defense counsel extensively questioned the witness concerning those letters, whose relevant portions were read to the jury (see, People v Dunbar, 145 AD2d 501, 502) and because the overwhelming weight of evidence is against the defendant. Nor did the trial court err in denying the defendant's motion to set aside the verdict based upon the "new" evidence of a letter not delivered to the defendant until after the verdict. This last letter offers nothing new, for it repeats the substance of the letters put before the jury and therefore is unlikely to have changed the result at the trial.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or harmless. Kooper, J. P., Harwood, Rosenblatt and Miller, JJ., concur.